ERDMANN, Judge
(concurring in the result):
I concur with the majority’s holding that the military judge correctly determined that Dease revoked his consent to search his urine pursuant to M.R.E. 314(e)(3), and that the CCA erred when it concluded that Dease abandoned any reasonable expectation of privacy in his urine sample when he voluntarily provided the sample for chemical analysis. I also agree with the majority’s conclusion that under the circumstances of this case, the military judge correctly suppressed the results of the chemical analysis and all derivative evidence and therefore concur in the majority’s reversal of the CCA’s decision.
I do not agree, however, with the majority’s position that “[t]he underlying question, and the question on which the military judge and the lower court split, concerns the application of M.R.E. 314(e)(3).” United States v. Dease, 71 M.J. 116, 120 (C.A.A.F. 2012). I view the underlying question, and the question on which the military judge and the lower court split, as whether Dease retained a reasonable expectation of privacy in his urine sample after voluntarily providing the sample for chemical analysis. Consistent with the Supreme Court’s holding in Skinner v. Railway Labor Executives’Ass’n, 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989) (there are separate privacy interests in the seizure and in the subsequent testing of *124 blood), the military judge correctly concluded that Dease did retain a reasonable expectation of privacy in his urine sample. Accordingly, the military judge determined that pursuant to M.R.E. 314(e)(3) Dease could and did withdraw his consent to search his urine.[1]
In contrast, the CCA determined that Dease did not retain a reasonable expectation of privacy in his urine sample. Although the CCA did not “bas[e] its analysis on the concept that consent equals abandonment”;[2] citing California v. Greenwood, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988), the CCA analogized consensually providing a urine sample for the purpose of chemical analysis with delivering trash to the curb.[3] By abandoning any reasonable expectation of privacy in his waste urine when he voluntarily provided a urine sample for chemical analysis, the CCA determined that Dease’s Fourth Amendment rights were not violated and did not find it necessary to address M.R.E. 314(e)(3).[4]
I view this as a straightforward case:[5] First, did Dease retain a reasonable expectation of privacy in his urine sample that he voluntarily provided to the Government for chemical analysis (i.e., do Fourth Amendment protections apply)? Because there is no legally significant difference between the search and seizure of blood and the search and seizure of urine, the holding in Skinner says yes. Second, did the military judge abuse his discretion in determining that Dease could and did revoke his consent to search his urine pursuant to M.R.E. 314(e)(3)? The answer is no. Finally, did the military judge err in determining that the urinalysis results and all derivative evidence were inadmissible? The answer to that question is no as well. Accordingly, while I concur with the reversal of the CCA’s decision, I do not join that portion of the majority’s analysis noted above.

. Footnote 5 of the majority opinion implies some significance to what several of the Circuit Courts of Appeals have said on the issue of consent. In my view, the Circuit Courts of Appeals decisions concerning revocation of consent do not inform our analysis of a revocation of consent pursuant to M.R.E. 314(e)(3).

. Dease, 71 M.J. at 120.

. United States v. Dease, Misc. Dkt. No. 2011-04, 2011 WL 7772670, at *4, 2011 CCA LEXIS 317, at *10 (A.F.Ct.Crim.App. Sep. 29, 2011).

. Id.

. I do not agree with the majority that somehow M.R.E. 314(e)(3) "inform[s] one's judgment regarding Appellant’s reasonable expectation of privacy in a urine sample that is voluntarily given” or that the rule "by codifying a right to revoke consent, when viewed in light of the separate privacy interests laid out by the United States Supreme Court in Skinner, implies a continued privacy interest maintained by Appellant in the untested urine sample." Dease, 71 M.J. at 120, 121. M.R.E. 314(e)(3) does neither.